UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| REAL PROPERTY AT 4749 EAST CONCORD, ST. LOUIS, MISSOURI 63128, | ) ) ) ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT OF FORFEITURE

Comes now plaintiff, the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney for said District, and in a civil cause of action for forfeiture alleges as follows:

1. In this *in rem* civil action the United States seeks forfeiture of certain property pursuant to the provisions of Title 21, United States Code, Section 881.

2. Subject Matter Jurisdiction of this Court is based on Title 28, United States Code, Sections 1345, 1355, and Title 21, United States Code, Section 881. In Rem jurisdiction is based on Title 28, United States Code, Section 1355. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 & 1395 and Title 21, United States Code, Section 881.

3. The defendant property is the real property known as 4749 East Concord, St. Louis, Missouri, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as 4749 East Concord, St. Louis, Missouri 63128, Lot 4 of Dorclin Acres, according to the plat thereof recorded in plat book 51 page 39 of the St. Louis County Record's

Office, Parcel No. 28K230069.

4. The defendant real property is criminally derived property acquired in whole or in part through proceeds traceable to an exchange for controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

5. The defendant property was also used, or intended to be used, to commit or facilitate the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

6. The defendant property is therefore subject to forfeiture under Title 21, United States Code, Section 881.

7. The defendant real property is currently titled in the name of Thomas Anderson, Sr. and Laura J. Anderson.

8. The plaintiff alleges the defendant real property is subject to forfeiture and for its reasons states as follows:

9. An investigation conducted by the Drug Enforcement Administration and other law enforcement agencies have led to the discovery of multiple individuals involved in a large scale marijuana drug distribution network operating in St. Louis, Missouri and additional cities within the United States. During the investigation, investigators identified Thomas ANDERSON, Jr., the son of Thomas Anderson, Sr. and Laura J. Anderson, as the leader of the organization.

10. Investigators have utilized source information, Title III intercepts, law-enforcement surveillance operations, telephone toll records, statements made by individuals as part of this investigation, and other investigative procedures to identify the extent of ANDERSON's involvement in the drug trafficking enterprise.

11. ANDERSON was responsible for coordinating the shipments of multi-hundred pound quantities of marijuana from California to St. Louis and other areas. ANDERSON utilized several methods to transport marijuana and U.S. currency to include: passenger vehicles, private aircraft, commercial airlines, tractor trailers, freight shipping companies, moving vans, the U.S. Postal Service, and portable on demand storage (PODS) containers.

12. On February 12, 2008, a Kansas Highway Patrol Trooper conducted a traffic stop in Ellsworth, Kansas of a vehicle where ANDERSON was the passenger. The trooper obtained consent to search the vehicle, which resulted in the seizure of 43 pounds of marijuana. ANDERSON admitted that he obtained the marijuana in Tahoe, Nevada.

13. In 2012, law enforcement debriefed two confidential sources (CS #1 and CS #2) who both provided information relative to ANDERSON's drug trafficking operation. CS #1 stated that ANDERSON stored proceeds derived from the distribution of marijuana at the residence located at 4749 East Concord, St. Louis, Missouri (hereinafter "defendant real property"). CS #1 stated that he/she has observed marijuana, a money counter, and a large amount of U.S. currency at the defendant real property. CS #1 further stated that ANDERSON's parents were aware of, and sometimes participated in, the drug trafficking conspiracy.

14. CS #2 stated that he/she transported approximately eight to ten shipments of marijuana via private aircraft to ANDERSON and his conspirators from California to St. Louis, Missouri, totaling approximately six hundred (600) pounds.

15. During 2012, several Title III intercepts of a telephone utilized by ANDERSON reveal ANDERSON directing conspirators to obtain drug proceeds from the defendant real property. Additional intercepts of the telephone revealed ANDERSON discussing drug proceeds

with his mother in coded language and directing her to wire him money using the drug proceeds stored at the defendant real property

16.     On October 30, 2012, while conducting physical surveillance, law enforcement observed ANDERSON's father and a member of the conspiracy obtain items from a POD storage container placed at a known ANDERSON "stash" house and transport the items to the defendant real property.

17.     On or about November 14, 2012, a federal search warrant was executed at the defendant real property.  During the search, agents discovered and seized multiple items, including but not limited to: $68,978.00 U.S. currency, three Glock pistols, a Sig Sauer assault rifle, a Tapco AK-47 assault rifle, miscellaneous loaded magazines, an assault rifle, drug paraphernalia, a glass smoking pipe, eight cellular telephones, and marijuana.  ANDERSON, Jr. claimed ownership of the seized firearms and currency.

18.     Subsequent to the search warrant, a cooperating defendant (CD #1) confirmed that drug proceeds from ANDERSON's drug trafficking conspiracy were counted and stored at the defendant real property.

19.     An employment check of ANDERSON has revealed that he is unemployed and has been since 2006.

20.     An employment check of ANDERSON's father revealed no employment as he is a retired construction worker. An employment check of ANDERSON's mother revealed she worked at Dierberg's Markets and earned approximately $36,000 in total wages from October 2011 through September 2012.

WHEREFORE, Plaintiff prays that a Warrant for Arrest issue for the defendant real property and the defendant real property be condemned and forfeited to the United States of

America, in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as this Court deem just and proper.

Dated: November 21, 2014                    Respectfully submitted,

                                              RICHARD G. CALLAHAN
                                              United States Attorney

                                              */s/ Stephen Casey*
                                              STEPHEN CASEY, #58879MO
                                              Assistant United States Attorney
                                              111 South Tenth Street, 20th Floor
                                              St. Louis, Missouri 63102
                                              (314) 539-2200

## VERIFICATION

I, Special Agent George Krieg, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

I, George Krieg, declare under penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the foregoing Complaint for Forfeiture is based upon reports and information furnished to me and that the contents therein are true and correct to the best of my knowledge and belief. Executed on this 21 day of November, 2014.

GEORGE KRIEG
Special Agent
Drug Enforcement Administration (DEA)

6