IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 4:14 CV 1954  CEJ |
| ) | |
| REAL PROPERTY AT 4749 EAST, ) | |
| CONCORD, ST. LOUIS, MISSOURI, ) | |
| 63128, ) | |
| ) | |
| Defendant. ) | |

### ANSWER OF CLAIMANTS THOMAS ANDERSON SR. AND LAURA ANDERSON TO VERIFIED COMPLAINT

COME NOW Claimants Thomas Anderson Sr. and Laura Anderson, by and through counsel and for their answer to the verified complaint of forfeiture state as follows:

1. The allegations contained in paragraph 1 are legal conclusions that do not require a response from claimants. To the extent an answer is deemed necessary, the statutes referenced in paragraph 1 speak for themselves and any factual assertions against claimants are denied.

2. The allegations contained in paragraph 2 are legal conclusions that do not require a response from claimants. To the extent an answer is deemed necessary, the statutes referenced in paragraph 2 speak for themselves and factual assertions against claimants are denied.

3. Claimants admit that defendant real property together with its appurtenances, improvements, and attachments is located at 4749 East Concord, St. Louis, Missouri 63128.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is admitted.

1

8. Paragraph 8 is denied.

9. Claimants admit that Thomas Anderson Jr. is their son. Claimants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore deny same.

10. Claimants are without sufficient information to form a belief as to the truth of the allegations in paragraph 10 and therefore deny same.

11. Claimants are without sufficient information to form a belief as to the truth of the allegations in paragraph 11 and therefore deny same.

12. Claimants are without sufficient information to form a belief as to the truth of the allegations in paragraph 12 and therefore deny same.

13. Claimants deny any knowledge of or participation in any alleged drug conspiracy. Claimants deny that defendant property was used or connected with any alleged drug conspiracy, and/or alternatively, deny any knowledge of or participation in any such use. Claimants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore deny same.

14. Claimants are without sufficient information to form a belief as to the truth of the allegations in paragraph 14 and therefor deny same.

15. Paragraph 15 is denied.

16. Claimants admit that there was an occasion on which claimant Thomas Anderson Sr. obtained a chair from a POD container and he then transported the chair to defendant real property. All remaining allegations in paragraph 16 are denied.

17. Claimants admit that defendant real property was searched by apparent federal agents and that items were seized as a result of that search. Claimants are without sufficient

information to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore deny same.

19. Claimants deny that defendant property was used or connected with any alleged drug conspiracy, and/or alternatively, deny any knowledge of or participation in any such use. Claimants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore deny same.

19. Claimants admit that Claimants Thomas Anderson Sr. is retired. Claimants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore deny same.

20. Claimants admit that Claimant Thomas Anderson Sr. is a retired construction worker and Claimant Laura Anderson is employed at Dierberg's Markets and earns approximately $36,000 per year. Claimants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore deny same.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's allegations are true, the claimants were at all times an "innocent owner" under 18 U.S.C. § 983(d).

### THIRD AFFIRMATIVE DEFENSE

There was no substantial connection between the Defendant property and an offense as required by 18 U.S.C. § 983(c)(3).

## FOURTH AFFIRMATIVE DEFENSE

The claim is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

There is no probable cause to believe that the Defendant property was used or maintained, or intended to be used or maintained, to commit or to facilitate the commission of any violation of 21 U.S.C. 841, 846 or 856.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any of the Plaintiff's allegations are true, the claim is barred by the prohibition against excessive fines provided for in the Eighth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that any of the Plaintiff's allegations are true, the claim is barred by the prohibition of depriving citizens of property without due process of law as provided for in the Fifth Amendment of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The claim is barred by the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The property is not subject to seizure and forfeiture.

## TENTH AFFIRMATIVE DEFENSE

Title 21 USC §881 is unconstitutional because the Government is attempting to punish the Claimant for a crime without a grand jury indictment and without the safeguards of Due Process as afforded by the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Government has waited an unduly long time in asserting its claims and such delay has prejudiced the Claimants' rights and hindered the ability to defend/respond in this case, and therefore, the Plaintiff's claims are barred by Laches.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has waived any claims it may otherwise have had.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The equitable sharing provisions of the federal forfeiture program, including Titles 21 U.S.C. §§ 881(e)(1)(A) and (e)(3); 18 U.S.C. § 981(e)(2); 18 U.S.C. § 1963(g); and 19 U.S.C. § 1616(a), exceed the lawful powers of the federal government. They create a means and incentive for local law enforcement agencies to unilaterally circumvent state forfeiture laws, resulting in an actual, concrete injury particular to Claimants. Said provisions deprive the people of Missouri and their legislature from knowingly accepting participation in the equitable sharing program, and thereby impair state sovereignty and commandeer state and local law enforcement agencies to administer federal laws contrary to state policy in violation of the Tenth Amendment to the United States Constitution.

**RESERVATION OF RIGHTS**

Claimants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

**JURY DEMAND**

Claimant hereby demands a trial by jury on all issues so triable.

NOW THEREFORE, Claimants Thomas Anderson Sr. and Laura Anderson hereby demand that the Plaintiff's complaint be dismissed and that the Court enter such other orders as are just and proper.

        Respectfully submitted,

        THE WELBY LAW FIRM, LLC

        _/s/Stephen R. Welby_____
        STEPHEN R. WELBY, MO42336
        1221 Locust Street, 4th Floor
        St. Louis, Missouri 63103
        (314) 436-1888/ FAX (314) 436-1811
        welbylawfirm@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2015, the foregoing filed was and served via the Court's CM/ECF system upon all counsel of record.

        _/s/Stephen R. Welby_____